GEORGE P. UHL, APPELLEE, v. F. H. RAU AND OTHERS, APPELLANTS.

Real property: SALE: ADVERSE POSSESSION. In March, 1873, one U. sold to R, lots 3 and 4 in block 65, in Falls City, and a house standing on lots 1 and 2 in the same block. R. entered into possession, but paid no part of the purchase price; but in February, 1879, executed a mortgage upon lots 1 and 2 to H to secure a debt, and afterwards in July of that year sold and conveyed said lots to one D., who perfected his chain of title by

deeds running back to the mayor.  U. had no record title, nor was there anything in the record to charge H. and P. with notice of his rights, and there was testimony tending to show that they had no notice that U had any interest in the premises.  *Held*, In a contest between them and U, that they had the prior right to the house.

APPEAL from the district court of Richardson county. Tried below before WEAVER, J.

*Isham Reavis* and *E. W. Thomas*, for appellant Dorrington; *C. Gillespie* for appellant Harkendorf; and *Marquett, Deweese & Hall*, for appellant Rau.

*George P. Uhl*, *pro se*.

MAXWELL, J.

This is an action to quiet title.  A decree was rendered in the court below in favor of the plaintiff, from which the defendants appeal to this court.

It appears from the record, that in March, 1873, the plaintiff sold to F. H. Rau, lots 3 and 4 in block 65, in Falls City, and the house standing on lots 1 and 2 in same block.  The consideration for said property was the sum of $168, to be paid in seven payments of $24 each, with interest, the last payment being due in 1876.  The plaintiff at the time of the sale gave Rau a title bond containing the terms of the agreement, and providing that upon the payments being made, the plaintiff should make a deed to Rau.  This bond was not recorded, but Rau took possession of the premises and continued in possession until 1879, but wholly failed to pay any portion of the purchase money.  In February, 1879, Rau and wife executed a mortgage upon lots 1 and 2 to John F. Harkendorf to secure the sum of $162.25.  In July, 1879, Rau and wife sold and conveyed all their interest in lots 1 and 2 to F. M. Dorrington.  It also appears that in February,

1859, the mayor of Falls City conveyed lots 1 and 2 to one David Whittaker. In April, 1879, Whittaker conveyed to one Lowe, and Lowe, in May of that year, sold and conveyed to Isham Reavis, who on the 8th day of August of that year, conveyed to Dorrington, who took possession of the premises in September thereafter. On the 2nd day of August, 1879, the plaintiff commenced this action to cancel the bond for the deed; to have the mortgage to Harkendorf and the deed to Dorrington declared invalid, and to quiet the title in the plaintiff. In the petition filed August 2nd, the plaintiff did not allege that he was the owner of lots 1 and 2, but claimed the house standing thereon. Afterwards in May, 1880, he filed an amended petition, in which he alleged that he was the owner of these lots. Harkendorf filed an answer, in which he alleges that the mortgage was made in good faith to secure a *bona fide* debt. Dorrington filed a cross petition, in which he alleges that he purchased the lots in controversy for a valuable consideration, and without notice of any rights of the plaintiff.

The plaintiff does not claim to have any record title for these lots, but claims by adverse possession. It is unnecessary to discuss the question of adverse possession, as, however it might be between Rau and the plaintiff, it does not enter into this case. As the plaintiff had no record title to this property, and as Rau was in possession as the owner, the only question presented is, did Harkendorf and Dorrington have notice of the plaintiff's rights before taking the mortgage and deed in question? For the purpose of notice the possession of Rau was not the possession of the plaintiff. Rau was in possession of the property, claiming to be the owner. As such owner he executed a mortgage on the property to Harkendorf to secure a debt that is clearly shown to be *bona fide*. Afterwards he conveyed all his interest in the property to Dorrington, and the testimony tends to show that he pur-

chased without notice and for a valuable consideration. The proof, too, is pretty clear that the plaintiff was not the owner of lots 1 and 2, but merely sold Rau the house standing thereon. · This house the testimony shows Rau had enlarged and considerably improved, and to some extent, at least, enhanced its value, so that to that extent he was selling his own property, while there was nothing to charge a purchaser with notice of the plaintiff's claim.

In *Willoughby v. Willoughby*, 1 T. R., 763, 767, Lord Hardwicke, in speaking of a *bona fide* purchaser, said: "In the first place, he must be a purchaser for a price paid, or for a valuable consideration. He must be a purchaser *bona fide* not affected with any fraud or collusion. He must be a purchaser without notice of the prior conveyance, or of the prior charge or encumbrance, for notice makes him come in fraudulently. And here, when I speak of a purchaser for a valuable consideration, I include a mortgagee, for he is a purchaser *pro tanto.*"

In this case plaintiff sold lots 3 and 4 and the house on lots 1 and 2. The house therefore was personal property, and no deed was necessary to pass title thereto, as the title passed by delivery of the property. This property Rau retained possession of for more than six years, and improved without any objection or assertion of title on the part of the plaintiff. Rau was holding as owner and not as tenant; and while holding as such owner executed the instruments in question. The question presented is, not what the plaintiff's rights would be in a contest with Rau, but what are his rights as against a *bona fide* purchaser and lien holder. As against Rau he is entitled to a cancellation of the contract, but as to Harkendorf and Dorrington, they have the superior right. The case does not differ materially from that of a vendor seeking to enforce his lien against a purchaser from his vendee without notice. In such case the innocent purchaser is protected, and the same rule must be applied in this case. The judgment of

Deitrichs v. L. & N. W. R. R. Co.

the district court as to Harkendorf and Dorrington is reversed, and the cause is remanded to the district court with directions to enter a decree in conformity to the opinion.

REVERSED AND REMANDED.